J-S01042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAD DERRICK HOWEY | : | |
| | : | |
| Appellant | : | No. 757 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 2, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000553-2022

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: SEPTEMBER 6, 2024**

Appellant, Chad Derrick Howey, appeals from the judgment of sentence entered following his conviction of six counts of possession of a controlled substance. In addition, on the basis that she has determined that this appeal is wholly frivolous, his attorney has filed an application to withdraw as counsel and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). Because we agree with counsel's assessment, we grant the application to withdraw and affirm.

The trial court offered the following summary of the factual history of this case:

> [Appellant's] charges stemmed from a traffic stop conducted in the City of Scranton, on March 19, 2022. On that date, Officers Hyler and Petrucci, of the Scranton Police

---

[*] Retired Senior Judge assigned to the Superior Court.

Department, conducted a traffic stop of a white GMC Arcadia, in which Appellant was a passenger. As Officer Petrucci approached the passenger side of the vehicle, he observed Appellant actively smoking a cigarette containing synthetic marijuana. N.T. Trial - January, 30, 2023, p. 24. When confronted, Appellant admitted the cigarette did contain synthetic marijuana. Id. Officer Petrucci detained Appellant, placed him into handcuffs, and obtained Appellant's consent to search his person. Id. at. 25. As a result of that search, Officer Petrucci recovered additional bags containing synthetic marijuana. Id. Officer Petrucci issued Appellant his Miranda Warnings and placed Appellant under arrest. Id. at 27. Appellant admitted to possessing additional narcotics on his person, wherein Officer Petrucci recovered a quantity of methamphetamine and cocaine. Id. at 29-30. Officer Petrucci also recovered a quantity of buprenorphine sublingual films, $1,440.00 contained within a bag belonging to Appellant, along with a cell phone belonging to Appellant, which was located on the front passenger seat that Appellant previously occupied. Id. at 27-28,32-34. Appellant also indicated to the officers that he resided in a tent in a wooded area located in the area of Mount Pleasant Drive, in Scranton. Id. at 31-32. The officers subsequently applied for, received, and executed a search warrant to search the tent in which Appellant resided. Id. at 36. Pursuant to that search, the officers recovered the following:

- a quantity of synthetic marijuana;
- a quantity of ecstasy pills;
- a quantity of methamphetamine;
- a quantity of fentanyl;
- a quantity of marijuana;
- a Ziploc bag containing baking soda;
- three digital scales;
- plastic baggies of various sizes; and
- two prescription pill bottles belonging to Appellant.

Id. at 36 - 39. Following the search of Appellant's tent, the officers learned that Appellant rented a storage unit from U-Haul located in Scranton. Id. at 41. After applying for and receiving approval for, the officers executed another search warrant for that storage unit. Id. at 42. Pursuant to the search of the search warrant related to the storage unit, officers recovered the following:

- a sum of U.S. Currency, totaling $3,300.00;
- a bulletproof vest;

- three digital scales;
- plastic baggies;
- a sifter and pestle; and
- a "how-to guide" related to selling drugs;

Id. at 42 - 46.

Trial Court Opinion 8/18/23, at 1-3.

In an amended criminal information filed on January 27, 2023, the Commonwealth charged Appellant with five counts of possession of a controlled substance with intent to deliver, 35 P.S. § 780-113(a)(30), six counts of possession of a controlled substance, 35 P.S. § 780-113(a)(16), and one count of drug paraphernalia, 35 P.S. § 780-113(a)(32). On February 1, 2023, a jury convicted Appellant of six counts of possession of a controlled substance.[1]

On May 2, 2023, the trial court sentenced Appellant to serve an aggregate term of incarceration of four to nine years, followed by six years of probation. Appellant filed a post-sentence motion for reconsideration, which the trial court denied. This timely appeal followed.

As noted, counsel has filed an application to withdraw from representation and an **Anders** brief. Before we address any questions raised on appeal, we must consider counsel's request to withdraw. **See**

---

[1] Regarding the remaining charges, Appellant was found not guilty on one count of possession with intent to deliver. Also, there was a hung jury concerning the single charge of drug paraphernalia and the remaining four counts of possession with intent to deliver.

*Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009) ("[T]his Court may not review the merits of the underlying issues without first passing on the request to withdraw.") (citation omitted). Counsel who believes an appeal is frivolous and seeks to withdraw from representation under *Anders* must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Tejada*, 176 A.3d 355, 359 (Pa. Super. 2017). In *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009), our Supreme Court addressed the second point of the *Anders* standard, *i.e.*, the contents of the *Anders* brief, which requires that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, this Court then has a duty to conduct its own review of the lower court's proceedings and make an independent determination whether the appeal is wholly frivolous. *Commonwealth v. Edwards*, 906 A.2d 1225, 1228 (Pa. Super. 2006).

- 4 -

In this case, those directives have been satisfied. Within the application to withdraw, counsel averred that she conducted a conscientious examination of the record in this case. Following that review, counsel concluded that the present appeal is without merit. Counsel sent Appellant a copy of the **Anders** brief and application to withdraw, as well as a letter, a copy of which is attached to the application to withdraw. In the letter, counsel advised Appellant that it is her determination any appeal would be frivolous. Counsel further advised Appellant that he could represent himself or that he could retain private counsel. Appellant has not filed a substantive response with this Court.[2]

We now examine whether the **Anders** brief satisfies our Supreme Court's dictates in **Santiago**, and we determine that it is compliant. The brief sets forth the procedural history of this case, outlines pertinent case authority, and discusses counsel's conclusion that the appeal is frivolous. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel has set forth the following issues that Appellant believes entitle him to relief:

_____

[2] We note that on October 26, 2023, this Court received from Appellant a *pro se* letter acknowledging receipt of counsel's application to withdraw based upon a conclusion that the appeal is frivolous. In his letter, Appellant expresses a desire to continue with the appeal. However, Appellant does not set forth any additional issues or arguments. Rather he requests "help in reviewing all of [his] overlooked issues[.]" Pro Se Letter, 10/26/23, at 1.

A. WHETHER THE TRIAL COURT IMPOSED HARSH AND EXCESSIVE INDIVIDUAL SENTENCES ON COUNTS 6, 7, AND 8, WHICH SENTENCES WERE AT THE HIGHEST END OF THE STANDARD SENTENCE RANGE.

B. WHETHER THE TRIAL COURT IMPOSED HARSH AND EXCESSIVE SENTENCES WHEN IT IMPOSED CONSECUTIVE SENTENCES.

*Anders* Brief at 4 (Suggested answers omitted).

Initially, we note that Appellant's issues each challenge the discretionary aspects of his sentence. Our standard of review is one of abuse of discretion. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

It is well settled there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *See Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was

properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Moury*, 992 A.2d at 170 (citation and brackets omitted).

Here, the first three requirements of the four-part test are met. Appellant brought an appropriate appeal, raised the claim in a post-sentence motion,[3] and included in his appellate brief a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). We next consider whether he has raised a substantial question requiring us to review the discretionary aspects of the sentence imposed.

Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *See Commonwealth v.*

_____

[3] We observe the Commonwealth suggests that review of Appellant's issues must be denied because he has not preserved the claims. Specifically, the Commonwealth contends that although Appellant "filed a motion for reconsideration [of sentence, he] only raised the claim that his sentence was harsh and excessive without giving any reasons why he believed this was so." Commonwealth's Brief at 3 (citation and quotation marks omitted). The Commonwealth asserts the general nature of Appellant's claim did not preserve the discretionary aspects of sentencing issues. *See id*. Nevertheless, we will consider the issues to be properly preserved in Appellant's post-sentencing filing.

*Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). Rather, an appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *See Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006).

Initially, Appellant contends the trial court abused its discretion by failing to consider mitigating factors pertaining to his childhood family history and personally suffering from drug addiction and mental health issues. *See Anders* Brief, at 10-11. This Court has held that an assertion that a sentence was excessive coupled with a claim that the trial court failed to properly consider the factors set forth in 42 Pa.C.S. § 9721(b)[4] raises a substantial question. *See Commonwealth v. Caldwell,* 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). *See also Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question") (internal citation omitted). Accordingly, we grant permission to appeal this issue and proceed to review its merits.

In the *Anders* brief, Appellant argues that although he was sentenced at the highest end of the standard sentence range, the trial court failed to identify on the record the reasons necessitating a long sentence of

---

[4] The factors to be considered under 42 Pa.C.S. § 9721(b) include: the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. *See* 42 Pa.C.S. § 9721(b).

incarceration. *See Anders* Brief at 14. Further, "Appellant contends that the trial court failed to consider that he had addiction issues, a very difficult childhood, and mental health issues[.]" *Id*. at 15.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Bankes*, 286 A.3d 1302, 1307 (Pa. Super. 2022). In this context, an abuse of discretion is not shown merely by an error in judgment. *See id*. Rather, an appellant must establish by reference to the record that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. *See id*.

The sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference, as it is the sentencing court that is in the best position "to view a defendant's character, displays of remorse, defiance, or indifference and the overall effect and nature of the crime." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (citation omitted). As we have stated, "[a] court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002) (citation omitted). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id*.

In addition, "[o]ur Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citation omitted).

Here, the record establishes that at Appellant's sentencing hearing, the court received a presentence report, heard argument from the Commonwealth, considered argument from defense counsel, and heard Appellant's allocution. **See** N.T., 5/2/23, at 2-6. Before announcing the sentence, the trial court explained that it will "be going outside the guideline[s] and placing some of [the sentences] below the mitigated [range] and [for] the others [the court] will [be] sentencing squarely within the standard guideline [range]." **Id**. at 6.

In its written opinion, the trial court set forth the following:

> As such, Appellant's claim is without merit as this [c]ourt's sentence is not excessive, harsh, or arbitrary. Additionally, this [c]ourt reviewed Appellant's case, including the [presentence report], and considered all the appropriate factors, as well as the statements that Appellant's counsel and Appellant himself made at the sentencing hearing. After which, this [c]ourt indicated its intention to impose a sentence below the mitigated range on a portion of the charges and within the standard guideline range for the remaining charges and imposed such a sentence upon Appellant. N.T. Sentencing, p. 6-7.
>
> Again, this [c]ourt, considered all relevant factors and circumstances, both aggravating and mitigating. After such consideration, this court imposed sentence upon Appellant that

- 10 -

was within the standard guideline range and took into account Appellant's prior history and dealings with the criminal justice system and his failure to rehabilitate. As such, the sentence is considered appropriate under the Sentencing Code.

Trial Court Opinion, 8/18/23, at 10.

It is our conclusion the trial court properly considered appropriate relevant factors in formulating Appellant's sentence, which was partially within the standard range and partially below the mitigated range of the sentencing guidelines. Moreover, because the court was fully informed and relied upon a presentence report, we conclude that it did not abuse its discretion in fashioning Appellant's sentence. **Ventura**, 975 A.2d at 1133. Therefore, Appellant's claim that the trial court did not consider appropriate factors in fashioning his sentence lacks merit.

In his second issue, Appellant argues that the trial court abused its discretion by imposing consecutive sentences that caused the total length of his sentence to be manifestly excessive. **See Anders** Brief at 11, 17-18. Appellant "argues that by imposing consecutive sentences, the sentencing court imposed unwarranted and excessive punishment." **Id**. at 17.

"Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." **Commonwealth v. Prisk**, 13 A.3d 526, 533 (Pa. Super. 2011) (citation and internal quotation marks omitted). **See also Commonwealth v. Hoag**, 665

A.2d 1212, 1214 (Pa. Super. 1995) (stating an appellant is not entitled to "volume discount" for his crimes by having all sentences run concurrently). *But see Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa. Super. 2013) (a claim that an aggregate sentence resulting from the imposition of consecutive sentences is excessive raises a substantial question if the "decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case").

"Thus, in our view, the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Prisk*, 13 A.3d at 533 (quoting *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010)). *But see Commonwealth v. Austin*, 66 A.3d 798 (Pa. Super. 2013) (holding that challenge to imposition of consecutive sentences, which yields extensive aggregate sentence, does not necessarily present substantial question as to discretionary aspects of sentencing, unless court's exercise of discretion led to sentence that is grossly incongruent with criminal conduct at issue and patently unreasonable).

While a substantial question may appear to exist on the grounds alleged, we emphasize that Appellant's six convictions stem from his possession of six different narcotics. Further, the sentencing court did not impose terms of

incarceration for every conviction. Rather, the sentencing court imposed consecutive terms of imprisonment on three crimes and consecutive terms of probation on three crimes. In fact, the aggregate sentence imposed was lower than the sentence of five to ten years of incarceration followed by six years of probation that was requested by the Commonwealth in its sentencing memorandum. **See** Commonwealth's Sentencing Memorandum, 4/21/23, at 5. In seeking review of his sentences, Appellant is not entitled to any further "volume discount" for his multiple offenses. **Hoag**, 665 A.2d at 1214. Based upon the foregoing, we will not deem the aggregate sentence excessive in light of the criminal conduct at issue in this case. **Prisk**, 13 A.3d at 533. Accordingly, we conclude that Appellant has not presented a substantial question for our review in this regard, and we decline to review the issue further.

In summary, we agree with counsel that the challenges to the discretionary aspects of sentencing that Appellant wished to raise on appeal lack merit. Further, we have reviewed the certified record and do not discern any other claims that are non-frivolous. Therefore, we grant counsel's application to withdraw and affirm Appellant's judgment of sentence.

Application to withdraw granted. Judgment of sentence affirmed.

Judge Kunselman joins the memorandum.

President Judge Emeritus Panella concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/06/2024